334 F.2d 581
 AMALGAMATED CLOTHING WORKERS OF AMERICA, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Ottenheimer and Company, Inc., Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
OTTENHEIMER AND COMPANY, Inc., Respondent.
 No. 18137.
 No. 18180.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 3, 1964.
 Decided May 7, 1964.
 
 Mr. Joel Field, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Jacob Sheinkman, New York City, was on the brief, for petitioner in No. 18137.
 Mr. Elliott Moore, Atty., N. L. R. B., of the bar of the Supreme Court of Georgia, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief, for petitioner, in No. 18180 and respondent in No. 18137. Mr. Herman M. Levy, Atty., N. L. R. B., also entered an appearance for petitioner in No. 18180 and respondent in No. 18137.
 Mr. Joseph A. Yocum, Evansville, Ind., of the bar of the Supreme Court of Indiana, pro hac vice, by special leave of court, with whom Mr. Arthur R. Donovan, Evansville, Ind., was on the brief, for intervenor in No. 18137 and respondent in No. 18180.
 Before BAZELON, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitions in these cases have been consolidated for hearing and disposition by this court.
 
 
 2
 Involved is the validity of an order of the National Labor Relations Board entered after usual administrative proceedings within the agency. In No. 18137, on the petition of the Union, the question is whether the evidence required the Board to uphold the claim of the Union that the employer was responsible as principal for a meeting in the community where the plant was located, and, therefore, should be found to have violated Section 8(a) (1) of the Act by failing to disavow certain coercive statements made at the meeting. We think the evidence did not require the Board to uphold the Union's claim in this respect.
 
 
 3
 In No. 18180, the question is the sufficiency of the evidence to support the Board's findings of employer violations of Section 8(a) (1) and 8(a) (5) of the Act. We think the evidence is sufficient. In so deciding, however, we lay aside the question whether successful solicitation of membership in the Union by promises to waive initiation fees constituted Union coercion which would prevent counting members so obtained in determining whether or not the Union represented a majority of the employees; for the evidence supports the finding of majority representation and the finding of an obligation of the employer to bargain even though members obtained by such solicitation are not counted.
 
 
 4
 Affirmed.